DANIEL BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10840.   Promulgated August 20, 1927.

> 1. Where property is acquired prior to March 1, 1913, and sold in 1919 for an amount greater than cost, but less than the March 1, 1913, value, there is neither a gain nor a loss under the provisions of the Revenue Act of 1918.
>
> 2. Where property is purchased on a deferred payment plan and interest is not provided for in the contract, no part of the deferred payments are deductible from gross income as interest.

*Harold Hirsch, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income and profits taxes for the fiscal years ended August 31, 1920, and August 31, 1921, in the amounts of $25,647.64 and $3,028.14.

FINDINGS OF FACT.

The petitioner is and was during the years 1912 to 1921, inclusive, a Georgia corporation with its principal office and place of business at Atlanta, Ga., engaged in the business of buying and selling real estate. In the year 1912 the petitioner purchased the real estate at 129–131–133 West Peachtree Street, and the real estate at 416 Peachtree Street, Atlanta, Ga., at a cost of $94,377.15. At about the same time it purchased the real estate at 127 West Peachtree Street and the real estate at 410 Peachtree Street. These parcels formed a continuous tract of land fronting 155 feet on Peachtree Street and extending 573 feet to West Peachtree Street, on which the frontage was 147 feet.

In the year 1912 and subsequent to the time it acquired the real estate described, the petitioner opened, graded, and paved a street 30 feet wide, running through said real estate from Peachtree Street to West Peachtree Street, which it named Grant Place. The real estate was also graded and subdivided into lots for resale, and sewers and gas mains were installed and other improvements made.

During the fiscal year ending August 31, 1920, the petitioner sold the real estate hereinbefore described at 129–131–133 West Peachtree Street, and 416 Peachtree Street, for $150,000. The respondent determined that the depreciated cost of the property at the date of sale was $91,362.15; that the sale price was $149,000, and that the petitioner realized a profit of $57,637.85. The depreciated cost of the property was in fact $93,337.15. The fair market value of the property on March 1, 1913, was at least $160,000.

On June 1, 1920, the petitioner entered into a written contract with Mrs. Josephine I. Richardson, to purchase from her the real estate at 45 Peachtree Street, Atlanta, and at the same time she executed a deed to the property which was placed in escrow to be delivered to the petitioner upon the performance by it of its obligations under the contract. The terms of the contract were that the petitioner should pay to Mrs. Richardson $3,000 per month for a period of 144 months, with the privilege of paying the entire amount under the contract at any time after six years from the date thereof, in which event it would be allowed " six (6%) per cent for the actual time represented by the prepayment of the then unpaid payments." The contract also provided that if the petitioner failed to make any of such monthly payments of $3,000 and should remain in default of such payment for 30 days after receiving notice thereof from Mrs. Richardson, the petitioner's interest in the property should be forfeited and that Mrs. Richardson would refund to the petitioner $500 of each monthly payment theretofore made and would retain $2,500 of each monthly payment, which would be considered as rent for the property.

During the fiscal years ending August 31, 1920, and August 31, 1921, the monthly payments provided by the contract were made by the petitioner. On its books of account the petitioner charged $2,500 of each monthly payment to expense as rental for the property, and set up $500 of each payment as an asset. The charge to expense was disallowed by the respondent. The record does not disclose whether the amounts so charged to expense were deducted in computing the petitioner's net income for the fiscal years involved.

### OPINION.

MARQUETTE: Several errors on the part of the respondent in determining the deficiencies involved herein are alleged in the petition, but only two of them were pressed at the hearing, the others being abandoned by the petitioner. The first issue is whether the petitioner realized any profit, and if so what amount, upon the sale in the fiscal year ended August 31, 1920, of the property at 129–131–133 West Peachtree Street, and 416 Peachtree Street. The parties are in accord as to the sale price of the property and its depreciated cost as of the date of sale, but it is contended by the petitioner that the value of the property on March 1, 1913, was in excess of cost and should be used as a basis for determining gain or loss from the sale. The petitioner claims a March 1, 1913, value of from $163,650 to $169,200.

In support of its contention as to the March 1, 1913, value of the property under consideration the petitioner introduced a number of real estate operators and brokers, several of whom were members of the appraisal committee of the Atlanta Real Estate Board, and were familiar with the property and other property in the vicinity, and who had many years of experience in buying and selling and appraising real estate in Atlanta. Their testimony is at length, and we will not attempt to set it forth in detail here. It is, however, sufficient to satisfy us that after the petitioner had acquired the several parcels of real estate set forth in the findings of fact and had subdivided and improved them, the parcel in question had a fair market value of at least $160,000 on March 1, 1913, and we so hold. It is not necessary for us to determine the exact value on that date for the reason that since the sale price was in excess of cost but less than the March 1, 1913, value, the petitioner sustained neither a taxable gain nor a deductible loss under the Revenue Act of 1918. *Goodrich* v. *Edwards*, 255 U. S. 527; *United States* v. *Flannery*, 268 U. S. 98; *McCaughn* v. *Ludington*, 268 U. S. 106; *Appeal of River and Rail Storage Co.*, 1 B. T. A. 1098.

The petitioner also contends that each of the monthly payments made to Mrs. Richardson on the purchase price of the property at 45 Peachtree Street, should be considered as including interest and that in computing its net income for the fiscal years ended August 31, 1920, and August 31, 1921, it should be allowed to deduct as interest so paid the amounts of $4,567.34 and $17,590.94, respectively. The respondent has treated the entire amount of each monthly payment as a capital expenditure.

The same question here presented was considered by this Board in *Appeal of Marsh & Marsh, Inc.*, 5 B. T. A. 902, and *Appeal of Anderson & Co.*, 6 B. T. A. 713, in which it was held that where sales are made on the deferred payment plan, interest not being provided for in the contract of sale, no part of the deferred payment will be considered as interest. But the petitioner contends that the contract between it and Mrs. Richardson, providing that if the petitioner should, at the end of six years, exercise its option to pay the entire amount due under the contract, it would be allowed " six (6%) per cent for the actual time represented by the prepayment of the then unpaid payments," shows that the deferred payments were intended to include interest.

We can not, however, agree with this contention. We think that the decisions in the cases above cited are controlling here and we therefore hold that no part of the monthly payments included herein

should be considered as interest. See also *Appeal of Carl Lang*, 3 B. T. A. 417.

> *Order of redetermination will be entered on
> 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.