## F. M. Hubbell Son & Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 42318.   Promulgated April 16, 1930.

*J. G. Gamble, Esq.,* for the petitioner.
*G. S. Herr, Esq.,* for the respondent.

OPINION.

Lansdon: The petitioner capitalized the amounts which it paid from time to time to the city of Des Moines in response to special assessments for the construction and upkeep of pavements, sidewalks, gutters and sewers abutting on or adjacent to many parcels of real estate which it owns and rents for income. It here contends for the right to deduct ratable parts of such capitalized costs from its gross income for each of the taxable years under the provision of section 214(a)(8) of the Revenue Acts of 1924 and 1926, and avers that such deductions should be computed on the basis of the useful life of the improvements in question and the cost thereof. The amounts of the special assessments representing the cost of the improvements and the useful life of the various types thereof are stipulated and so require no discussion here except to say that if the petitioner is right in its contention, the exact amounts claimed are deductible from the gross income in the respective years under consideration.

A levy against private property for paying the cost of public improvements abutting on or adjacent thereto or for replacements or repairs thereof is a special tax which tends to increase the value of the property assessed. *Caldwell Milling Co.*, 3 B. T. A. 1232. Such a tax is excluded from allowable deductions from gross income for Federal tax purposes by the express provision of section 234(a)(3)(C) of the Revenue Act of 1924. Nothing in the statute,

however, precludes a taxpayer from charging amounts so paid into its capital accounts and in so doing the petitioner conformed to sound and generally accepted accounting principles and practice. The bookkeeping methods employed by taxpayers for their own purposes, except as they may be records of taxable transactions, are of no concern to this Board and, standing alone, entries on books of account are not determinative of tax liability. *Doyle* v. *Mitchell*, 247 U. S. 179. Our problem here is not to determine whether the expenditures in question are properly chargeable into capital accounts, but to decide whether amounts so charged, in the circumstances set forth in our findings of fact, represent depreciable assets or amortizable capital investments which the petitioner is entitled to recover free from tax under the statutory provision cited above.

To establish a claim for annual ratable deductions for the depreciation of wasting assets under the statutory provisions relied on, the petitioner must prove cost or value at March 1, 1913, if acquired prior thereto, the useful life thereof, and use in its trade or business in the taxable year. As a corollary to the first condition, we think it clear that ownership must be established, since the only purpose for which such deductions are authorized is the untaxed recovery of capital investments in wasting assets used for income purposes. *Military Equipment Co.*, 2 B. T. A. 36. The improvements in question are not the property of the petitioner nor located on its property, but are attached to land which is owned in fee by the city of Des Moines. *Talcott Bros.* v. *City of Des Moines*, 134 Ia. 113; 109 N. W. 311. In our opinion the statutory provision upon which the petitioner relies contemplates the tax-free return only of the cost of assets in which the taxpayer claiming thereunder has a capital investment and which in some way contribute to the gross income from which deductions for depreciation are allowable and that in such use or by the passage of time or operation of law are exhausted. Certainly the petitioner makes no direct income-earning use of the improvements here in question. The exhaustion, which calls for repairs and replacements, does not result alone from use by the petitioner, which with all its tenants is only a small part of the public assessed for, benefited by and using the improvements in question. We are of the opinion, therefore, that the deductions claimed are not within the provisions of section 214(a)(8) of the Revenue Acts of 1924 and 1926.

The petitioner argues that the principle for which it contends has been recognized in several prior decisions of the Board. We have made a careful study of the decisions cited and in our opinion none of them control the issue here. In *E. W. Edwards & Son*, 3 B. T. A. 889, we held that the cost of tunnels constructed by the petitioner

under city property connecting its stores on opposite sides of a street were capital expenditures recoverable tax free as ratable annual deductions from gross income. The improvement there in question was not a public necessity, was not constructed by the municipality, paid for by special assessments or used as a public thoroughfare. Our decisions there established no rule applicable to the situation in this proceeding. In *L. Z. Dickey Grocery Co.*, 1 B. T. A. 108, we held that a private roadway located on the property of the taxpayer which was constructed, owned and controlled by it was a part of its business plant and that " the original cost must be regarded as a capital expenditure not deductible from income " but made no decision relating to the depreciation or amortization of the cost thereof. In *Ewing B. Swaney*, 5 B. T. A. 990, we permitted the petitioner to amortize the cost of liming his farm over a period which it was proved measured the useful life of the annual application of lime to the soil. This was periodical expenditure for an income-producing element useful during a period of more than one year.

In *Champion Coated Paper Co.*, 10 B. T. A. 433, the taxpayer sought the right to amortize special assessment payments. In its opinion the Board said:

The item of $129,600 represents and was assessed as a benefit to petitioner's real property and its payment is an addition to the cost of such real property. The amount of this payment should be capitalized and allocated to the several parcels and descriptions of petitioner's real property in the proportion that the values of such parcels and descriptions contribute to the total valuation upon which the benefit assessment was levied.

This is not inconsistent with our conclusion above, since the amounts in question, if properly capitalizable, can be recovered tax free whenever the property is sold.

Some accounting authorities suggest that expenditures of the nature under review should be recovered tax free by annual deductions from gross income. The Commissioner, in several pronouncements in effect, has approved such procedure. All agree that such payments should be capitalized, but so far no workable rule for the ratable annual recovery thereof tax free has been devised and enacted into law.

It is stipulated that in 1924 the petitioner paid a special assessment imposed by the city of Des Moines for the repair of certain pavements adjacent to its properties. Such payment is not deductible from petitioner's gross income in the year of payment as an ordinary and necessary expense. *Belfast Investment Co.*, 17 B. T. A. 231.

The petitioner argues that a letter from a former Commissioner authorized the deductions here in question and contends that such

letter is a continuing promise which is at least morally binding on the Government. This question has been decided adversely to the theory of the petitioner. *James Couzens*, 11 B. T. A. 1040.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MURDOCK and MATTHEWS concur in the result only.