FREDERIKA SKINNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41568. Promulgated August 6, 1930.

*James G. K. McClure, Jr., Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

BLACK: The respondent determined a deficiency in income tax against the petitioner for the year 1926 in the sum of $863.46. In seeking redetermination she alleges as error (1) the failure of the respondent to hold that the selling price of a tract of land known as the Patton Avenue property was $267,187.50, with no commission paid, instead of $281,250 with a commission of $14,062.50, paid B. H. Sumner & Son, real estate agents, such action of the respondent resulting in the assertion of a larger amount of tax due, computed on the installment basis, than would otherwise have been the case; (2) that the respondent erred in calculating income on the sale of a tract of land known as the Biltmore Tract, under article 43, Regulations 69, Revenue Act 1926.

The petitioner is an individual and resides at Fairview, N. C. She is an equal partner with her nephew James G. K. McClure, Jr., in a real estate business known as James G. K. McClure Agency. In 1926 the agency was the owner of six lots on Patton Avenue, Asheville, N. C., which cost it $200,000.

The first issue raised by the pleadings and evidence is as to the correct sale price of the Patton Avenue property. Petitioner contends that it was sold for $267,187.50, out of which no commission

was paid, whereas it was the contention of respondent that the sale price was $281,250, out of which a commission of $14,062.50 was paid.

The evidence establishes to our satisfaction that when the purchaser learned that of the $281,250. which it was proposed to sell him the property for, 5 per cent or $14,062.50 was to be paid in commissions, he refused to go on with the deal and agreed to take the property only on condition that the price be reduced to $267,-187.50 net to him and he would settle with B. H. Sumner & Son for their commission. This was agreed to by all parties and it was agreed that B. H. Sumner & Son should look to J. E. Dickerson for their commission on the deal and not to J. G. K. McClure Agency. Under this agreement the property was sold to J. E. Dickerson for $267,187.50 and not for $281,250 as claimed by the Commissioner.

On this point the witness J. G. K. McClure testified at the hearing:

Q. Now, do you mean by that, Mr. Dickerson, himself, when. the deal was finally put through, received the property for five per cent less than he would have received if the original contract had been carried out?

A. That is right.

Q. Now, that means that you received for the property five per cent less than you were originally to have received?

A. Yes.

Q. Now, you were under the agreement to B. H. Sumner and Son to pay a commission of five per cent?

A. Yes.

Q. How was that paid?

A. It was never paid.

Q. Do you mean to testify that B. H. Sumner and Son received no commission?

A. Absolutely none and I was even refunded that thousand dollars.

Q. And your contention is that instead of the purchase price mentioned in the contract of January 14, 1926, that you in fact received a purchase price of five per cent less than the amount therein mentioned?

A. That is exactly right.

Q. And your testimony is that in fact you paid no real estate commission?

A. Yes.

From all the evidence we hold that the sale price of the property was $267,187.50 and that whatever commissions, if any, were paid to B. H. Sumner & Son, were paid by J. E. Dickerson and not by the sellers, J. G. K. McClure Agency, and that respondent in computing the deficiency should use the figures $267,187.50 as the sale price of the property with no commissions paid by the sellers to anyone.

Relative to the Biltmore Avenue property, we have been supplied with but few facts. The property, consisting of 309 feet frontage, was purchased by several persons for resale and profit. The petitioner's partner, McClure, states that it was not purchased with a

view to dividing it into lots or parcels, but in fact it was divided and sold to a number of persons. The respondent applied article 43 of Regulations 69 which reads as follows:

*Sale of real property in lots.*—Where a tract of land is purchased with a view to dividing it into lots or parcels of ground to be sold as such, the cost or other basis shall be equitably apportioned to the several lots or parcels and made a matter of record on the books of the taxpayer, to the end that any gain derived from the sale of any such lots or parcels which constitutes taxable income may be returned as income for the year in which the sale is made. This rule contemplates that there will be a measure of gain or loss on every lot or parcel sold, and not that the capital in the entire tract shall be extinguished before any taxable income shall be returned. The sale of each lot or parcel will be treated as a separate transaction, and gain or loss computed accordingly.

See also *Thomas J. Avery*, 11 B. T. A. 958. We think the way the respondent treated the proceeds from this transaction was proper, and the findings of the respondent with reference to the profit thereon can not be disapproved on the strength of the evidence offered at the hearing.

*Judgment will be entered under Rule 50.*