John J. Bliss, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 61270. Promulgated February 27, 1933.

*Robert Ash, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: Interest on an award made as just compensation for property taken through an exercise of the power of requisition or con-

demnation by the city of New York is not interest upon the obligations of a state, territory, or any political subdivision thereof within the meaning of section 22 (b) (4) of the Revenue Act of 1928. *Leo M. Klein*, 26 B. T. A. 745; *Mary Lincoln Isham*, 26 B. T. A. 1040; *United States Trust Co., Executor*, v. *Anderson*, 60 Fed. (2d) 291. Cf. *American Viscose Corp.*, 19 B. T. A. 937; affd., 56 Fed. (2d) 1033; *Kansas City Southern Ry. Co.*, 16 B. T. A. 665; affd., 52 Fed. (2d) 372; certiorari denied, 284 U. S. 676. The Commissioner did not err in holding that this amount was income subject to tax.

The petitioner next contends that the award merely granted just compensation for the property taken and no taxable gain resulted. In his brief the petitioner merely states his contention and cities in support of it *Evans* v. *Gore*, 253 U. S. 245 and *Myles* v. *Graham*, 268 U. S. 501. Thus, the petitioner advances no argument that has not been answered satisfactorily by the Circuit Court of Appeals for the Eighth Circuit in *Kansas City Southern Ry. Co., supra.* It is true that that case differs from the present case. There the Federal Government had exercised its power of eminent domain to take the property for a temporary use only, the compensation was for this use and was based on earnings, and the same power which exercised its right of eminent domain also imposed taxes. Here the city of New York took the property, not temporarily, but permanently, the compensation was based upon the value of the property, and a different government has determined the tax, based upon the gain derived from the disposition of the property. There is less analogy between the present case and the two cases cited by the petitioner than there was between those two cases and the case decided by Judge Kenyon, for here the Federal Government is certainly not diminishing any obligation of its own. Cf. *Washington Market Co.*, 25 B. T. A. 576. The proceeds of the condemnation, in so far as they constitute gain, are a part of the petitioner's gross income for Federal tax purposes. *Eastern Steamship Lines, Inc.*, 17 B. T. A. 787; section 112 (f) of the Revenue Act of 1928.

The petitioner now claims that the money received from the involuntary conversion of his property was expended in the acquisition of other property similar or related in service or use to the property converted, within the meaning of section 112 (f) of the Revenue Act of 1928. This claim was made for the first time at the hearing through an amendment to the petition. The excess of the amount of the award over the basis which the property had in the hands of the petitioner, after an adjustment for depreciation, was included by the petitioner in his return as a capital net gain. The respondent made a slight change in this item which the petitioner does not complain of, but the latter now seeks to show that the item never should have been taxed as income and, therefore, his taxes

have been overpaid in a substantial amount. The property was involuntarily converted into money through the exercise of the power of requisition or condemnation by the city of New York and after it was taken the petitioner and his wife acquired an equity in other property which was similar or related in service or use to the property taken from them. But despite these facts the petitioner has failed to show how much of the money received through the award was "forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary expended in the acquisition of other property similar or related in service or use to the property converted" as required by the section in question.

Clearly, a substantial part was not so expended, since some was used for other purposes. Encumbrances on the property condemned, tradesmen's bills, and income taxes took a substantial portion. Nor have we been told exactly how much was expended in acquiring an interest in the new properties. Furthermore, we can not make even a reasonable approximation of the amount expended in acquiring the interest in the new property.

The petitioner did not attempt to be exact in the dates and figures which he gave. Each was only an approximate figure. He gave neither the date of acquisition nor the cost of any of the properties. Part of the cost was represented in mortgages, but, how much, he never said. He was the only witness. He testified entirely from memory. The cross examination brought out the fact that he was mistaken about the date when he and his wife had acquired the property later condemned. He testified that the property was condemned in May 1925. The final decree shows that if it was taken later than 1923 it was taken in 1928.

Obviously we can not hold that no gain shall be recognized in 1929. Neither can we reduce the amount of the gain to be recognized in 1929 from the figure determined by the Commissioner to any other definite amount. The scheme of section 112 (f) is to delay the recognition of gain or loss until the property substituted is disposed of. The substituted property, under other provisions of the statute, takes the basis of the old for gain or loss and for depreciation purposes. If any part of the gain is not to be recognized in 1929, the proof ought to be sufficiently accurate to disclose the data necessary to an intelligent administration of these other provisions of the statute, i. e., what particular property was acquired, the date acquired, and the cost to the taxpayer paid by funds from the award. The present petitioner has failed to show any of these facts with reasonable certainty. *Chickasha Cotton Oil Co.*, 18 B. T. A. 1144.

*Judgment will be entered for the respondent.*