*371 OPINION.
Sternhagen:
1. The petitioner claims three classes of deductions growing out of its issue of common shares in 1927: (a) $422,927.40, which it calls interest on prepaid stock subscriptions; (b) $1,422,-956.25 underwriting and service fees to the bankers, and (c) $17,-053.80 printing and listing costs. In our opinion, none of these amounts is a proper deduction under the statute, Revenue Act of 1926, section 234, and the decision as to each is governed by prior decisions.
*372 (a) Despite the petitioner’s characterization in the notice to shareholders of the subscription price as the full price less interest, this seems to us to be merely a mathematical method of arriving at the actual price to be paid under each of the two elective methods of payment. There was no “ interest paid or accrued within the taxable year on its indebtedness.” What the petitioner did, apparently, was to figure out a price which would embody the fair consideration at the dates of payment and the time of issuance in relation to. a basic figure of $107.50 a share — for full cash before July 21, $106.83, and for part cash and part deferred, $106.85. That this may have been arrived at by using a mental concept of interest, or that mathematically the figures are the same as if par of $100 (not the assumed base figure of $107.50) were paid and interest thereon paid before delivery of the shares, is not determinative. The statute requires that there should be an indebtedness, that there should be interest upon it, and that it should be paid or accrued within the taxable year. A formula is not enough. Commissioner v. Old Colony R.R. Co., 284 U.S. 552; Henrietta Mills, Inc. v. Commissioner, 52 Fed. (2d) 931; 20 B.T.A. 651; Daniel Bros. Co. v. Commissioner, 28 Fed. (2d) 761; 7 B.T.A. 1086; Carl Lang, 3 B.T.A. 417; Marsh & Marsh, Inc., 5 B.T.A. 902; Anderson & Co., 6 B.T.A. 713. In Eastern Bolling Mill Co., 5 B.T.A. 663, payments were actually made by the taxpayer which, the Commissioner conceded were interest on advance payments for stock and deductible. It was held that the amount was not part of invested capital. Paramount Knitting Mills, 17 B.T.A. 91, involved the deductibility of accrued interest on subsisting notes. Neither of these decisions cited by petitioner supports its claim.
(b) and (c). It is the petitioner’s claim that both the amounts paid to the bankers and the costs of printing and listing, all of which were incidents of the issuance of common shares, are deductible. Many decisions have held to the contrary. Simmons Co. v. Commissioner, 33 Fed. (2d) 75; certiorari denied, 280 U.S. 577; Corning Glass Works v. Lucas, 37 Fed. (2d) 798; certiorari denied, 281 U.S. 742; Continental Pipe Mfg. Co. v. Poe, 59 Fed. (2d) 694; Surety Finance Co. of Tacoma, 27 B.T.A. 616. Cf. Hershey Mfg. Co. v. Commissioner, 43 Fed. (2d) 298. But the petitioner insists that such decisions are wrong, and that the law should now be brought back to its proper course. We adhere to the rule. We say only, in respect of the petitioner’s argument, that the deduction depends upon whether the outlay is an “ ordinary and necessary expense of carrying on trade or business ” and not upon whether it is a so-called capital item. It is quite possible that a given item eludes *373 definition or clear accounting classification and hence can not be called either an expense or a capital expenditure. Cf. Commissioner v. Field, 42 Fed. (2d) 820. But its deductibility is not proven by showing that it results in no capital addition or investment or that a conservative accounting policy would require that it be written off.
2. The petitioner claims that the respondent’s determination of the fair market value on March 1,1913, of the lands on Staten Island was too low, with a resulting overstatement of gain realized by the award. The issue was tried entirely by the use of expert witnesses for both sides, whose opinions differed widely and whose methods of appraisal varied as to the factors of value regarded as significant and the emphasis placed upon them. It is said, for instance, by one, that the Brooklyn water front is an important factor and that there is a natural and recognized relation in the values on both sides of the channel, while another denies this and says that in long experience he never heard of the use of such a relation. The relative importance of transactions in the vicinity as indices of value is fraught with detailed dispute, the merits of which it would serve no useful purpose to discuss. All of the evidence, consisting both of facts and opinions, has been given careful study and full consideration. Petitioner is apprehensive that a finding may be arrived at by splitting the difference between the opposing sides. The fear is unjustified. There has been no inclination to avoid the thought which the helpful briefs of counsel have provoked, and the findings represent our conclusions from the evidence. The value results from the use of 48 cents a square foot for the disputed portion of parcels 1 and 2 which is not in the area of projected streets, and 56 cents a square foot for parcels 17, 18, 20, and 21.
3. The constitutional validity of the tax upon the award and interest has been sustained by earlier decisions in which the subject has been adequately discussed. United States Trust Co. of New York v. Anderson, 65 Fed. (2d) 575; John J. Bliss, 27 B.T.A. 803, and cases there cited. There was no error in respondent’s inclusion of the gain and interest in petitioner’s taxable income. Likewise, we think the entire amount of interest received in 1927 should be included. Its accrual goes along with the award itself, which occurred in 1927 when the decree became final and the principal and interest were fixed and received.

Judgment 'will Be entered under Rule BO.