L. H. WOLF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63589.

*Melvin D. Wilson*, *Esq.*, for the petitioner.
*Alva C. Baird*, *Esq.*, and *A. L. Murray*, *Esq.*, for the respondent.

OPINION.

VAN FOSSAN: A deficiency in the amount of $1,249.44 for the year 1929 is here in issue. The proposed additional tax arises from the respondent's determination that the proceeds of an award received by taxpayer in connection with a land condemnation proceeding were taxable as income. Petitioner assigns this recognition of gain on the involuntary conversion of his property as error.

In 1920 petitioner acquired a parcel of property located in Hollywood, California, described as lot A, tract 2129, Map Book 24, page 68, Los Angeles County, California. The cost of such property was $21,000.

Between 1920 and 1925 petitioner constructed various buildings on said property. The buildings covered the entire lot, except for a driveway through the property. A two-story brick building stood on the front portion of the lot. The second story was built over the driveway. A smaller frame and stucco building was on the rear of the lot.

The property was 103 feet wide, fronting on Cahuenga Avenue, and 383 feet deep.

In 1929 the city of Los Angeles, for the purpose of opening up Ivar Avenue, a public thoroughfare, condemned a strip 70 feet wide running diagonally across the approximate center of petitioner's land. This strip represented 20 percent of the total area of petitioner's property. By Ordinances No. 53214 (approved November 10, 1925), and No. 54065 (approved February 24, 1926), the city of Los Angeles created a special improvement district and the condemnation proceedings and improvements herein referred to were made pursuant thereto.

By order of court petitioner was awarded the following amounts:

| | |
|---|---:|
| (1) Award for building taken | $10,267 |
| (2) Award for the land taken from petitioner | 23,549 |
| (3) As severance damages for the balance of land not taken | 4,006 |
| Total | 37,822 |

The city of Los Angeles levied special assessments for opening and widening work on the newly created street adjacent to parcels of petitioner's property in the amounts of $19,470.32 and $19,243.28 respectively, totaling $38,713.60.

Petitioner paid the special assessments amounting to $38,713.60 by applying the awards amounting to $37,822 against assessments and paying the balance of $891.60 in cash.

In 1931 the city of Los Angeles levied, and the petitioner paid, further special assessments on the two newly created parcels of $1,317.20 and $1,315.55 for the paving, sidewalks, storm drain, etc., along Ivar Avenue, occasioned by the opening of the avenue in 1929.

In 1929 petitioner paid $1,000 attorney's fees in connection with the awards and special assessments.

It was determined by the respondent that the petitioner derived income of $18,349 on the payment made for the land, computed as follows:

| | |
|---|---:|
| Award received for portion condemned | $23, 549 |
| Cost of portion condemned | 4, 200 |
| Difference | 19, 349 |
| Less attorney fees | 1, 000 |
| Taxable gain | 18, 349 |

In respect of the buildings the petitioner sustained neither gain nor loss.

Petitioner did not sell, exchange, or otherwise dispose of the above described property in 1929 except as stated above.

On the basis of these facts taxpayer makes two contentions: First, that there was not a closed transaction giving rise to taxable gain, and, second, in the alternative, the award was expended in the acquisition of property similar or related in service or use to that taken, bringing the case under the statutory exception of section 112 (f) of the Revenue Act of 1928.

We are unable to find merit in either of petitioner's contentions. As to the first, it seems obvious that a closed transaction has occurred. Petitioner's property has been taken and he has parted with all interest. The fact that it was an involuntary proceeding brings no hope or comfort to taxpayer. It is gone beyond chance of return. Petitioner has been paid for the property by an official award by a court of competent jurisdiction. He has accepted the award by applying it against the assessment against the remainder of the property. Thus he has been paid for the property involuntarily sold to the city. The fact that there was an assessment for benefits does not alter the case. This relates to benefits accruing to the remaining property from the improvement. It also has been judicially fixed. In this situation we find every element of a closed

transaction and a proper situation for imposition of tax on the gain derived.

Nor is there any substance in petitioner's second point—the conversion of the award into property similar or related in use. The simple fact is that petitioner did not expend the award in any such manner. The highly artificial argument advanced that he has converted the award into an interest or right in the new thoroughfare does not impress us as worthy of extended consideration. Such an interpretation would make the statute a meaningless nullity. It would present imponderable questions of valuation. It would depart from all recognized canons of construction, among the most fundamental of which is that an unambiguous statute couched in words of ordinary comprehensible meaning should be interpreted in accordance with its plain terms and not distorted by artificial reasoning. Here the statute is plain in word and meaning and permits of no such construction or application as petitioner would give it.

We find the respondent's action to be in accord with law and the facts. *John J. Bliss*, 27 B.T.A. 803.

*Decision will be entered for the respondent.*