MARSHALL C. ALLABEN AND FLORENCE C. ALLABEN, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79866. Promulgated January 21, 1937.

*Ralph E. Brush, Esq.*, and *James G. Hannon, Esq.*, for the petitioners.

*Byron M. Coon, Esq.*, and *Allen T. Aikin, Esq.*, for the respondent.

328

OPINION.

STERNHAGEN : The petitioners, on their joint return, treated $20,000 of the $40,000 received from the state as "consequential damages" to the remaining portion of the tract, and omitted it from the sale price. This treatment they attempted to support by testimony of the highway engineer who had approved the purchase, that he had computed the $40,000 by adding together his estimate of the value as $5,500 an acre, or $22,830.50, and "consequential damage" of $17,169.50, and by the testimony of petitioner that he regarded the price as comprising compensation for damage. But this was not the way the transaction was negotiated nor the way it was accounted for in the state's purchase voucher, which simply shows the whole amount as a lump sum purchase price for the parcel containing 4.151 acres. The transaction was a simple purchase by the state for $40,000, and it is unimportant what method or factors either party to it used in arriving at the amount at which the transaction would be finally closed. Had the property been condemned or had the state bought it for $20,000 and settled with petitioner upon $20,000 as compensation for damage to the remaining land, there would have been a different case. See *George A. Spencer*, 33 B. T. A. 936; *Christian Ganahl Co.*, 34 B. T. A. 126 (on review, C. C. A., 9th Cir.). But a lump sum purchase price is not to be rationalized after the event as a combination of factors which might properly have been separately stated in the contract if the parties had seen fit to do so, *Baltimore & Ohio Railroad Co.* v. *Commissioner*, 78 Fed. (2d) 460; 29 B. T. A. 368, 372; *McDonald* v. *Commissioner*, 76 Fed. (2d) 513; *New York, Chicago & St. Louis Railroad Co.* v. *Helvering*, 71 Fed. (2d) 956; 26 B. T. A. 1229, 1289, 1290; *Henrietta Mills, Inc.* v. *Commissioner*, 52 Fed. (2d) 931, 933; *Daniel Bros. Co.* v. *Commissioner*, 28 Fed. (2d) 761. Cf. *Nelson-Wiggin Piano Co.* v. *Commissioner*, 84 Fed. (2d) 47. The entire $40,000 was properly treated by the Commissioner as sale price.

*Judgment will be entered for the respondent.*