CALVIN C. GREEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87639.   Promulgated January 7, 1938.

*Claude I. Parker, Esq.,* and *Bayley Kohlmeier, Esq.,* for the petitioner.

*B. D. Daniels, Esq.,* for the respondent.

#### OPINION.

MELLOTT: The Commissioner added to the net income shown by the return of the Mericos Oil Co. for the year 1934, $6,434.60 and determined a deficiency in income tax of $884.76 and a deficiency in excess profits tax of $78.76. The petitioner, to whom all of the assets of said company were distributed on December 28, 1934, was duly notified that the Commissioner proposed to assess the amounts shown above against him as transferee, in accordance with the provisions of section 311 of the Revenue Act of 1934, and he filed a petition with the Board seeking a redetermination of the deficiency.

The proceeding was duly called for hearing on October 7, 1937, and submitted upon a statement of facts, which omitting purely formal parts, exhibits, and signatures, is as follows:

## I.

Petitioner is an individual and a resident of the City of Los Angeles, County of Los Angeles, State of California.

## II.

The taxes in controversy are income taxes in the amount of $884.76 and excess profits taxes in the amount of $78.76 of Mericos Oil Company, a corporation, for the year 1934, proposed to be assessed to petitioner as transferee of said company.

## III.

During the year 1934 and for many years prior thereto the Mericos Oil Company was the owner of certain real property in the City of Los Angeles, County of Los Angeles, State of California, known as Lots 13, 14, 15 and 16 of the Cottage Home Tract in the City of Los Angeles. Said lots were improved by small buildings.

## IV.

On July 10, 1928, the City of Los Angeles started proceedings to condemn a portion of the aforesaid property of Mericos Oil Company for the purpose of widening and laying out Dayton Avenue and Figueroa Street in Los Angeles by filing an action in the Superior Court of the State of California in and for the County of Los Angeles entitled "City of Los Angeles v. Kate B. Francisco, et al—No. 256421". Mericos Oil Company was made defendant in said action. The complaint in said action was filed pursuant to the authority and direction of Los Angeles City Ordinances Nos. 58304 and 60088. Copies of material portions of said ordinances are attached hereto, marked Exhibits A and B and made a part hereof.

The portions of the property of said Mericos Oil Company designated by said complaint to be condemned were all of Lot 14 and parts of Lots 13, 15 and 16 of the Cottage Home Tract.

## V.

On January 9, 1932, the Superior Court of the State of California in and for the County of Los Angeles made its findings of fact and rendered an interlocutory judgment in said condemnation proceeding in which the court determined the value of the property of the Mericos Oil Company to be condemned and made an award in favor of the Mericos Oil Company as follows:

| | |
|---|---:|
| Land | $10,851.00 |
| Severance Damages | 1,750.00 |
| Improvements | 2,564.00 |
| Total | 15,165.00 |

## VI.

Under authority of the "Street Opening Act of 1903" of the State of California and Ordinance No. 58304, attached Exhibit B, the City Council of the City of Los Angeles determined an assessment district for the purpose of raising funds to purchase the land to be condemned and pay the expenses of the condemnation proceedings. The land in said assessment district was to be assessed for the payment of the property condemned and taken. All of the above described lots of Mericos Oil Company were within said assessment district. Assessments were levied against said lots in the total sum of $3,869.60. Said

assessments were made under authority of and for the purposes designated in the "Street Opening Act of 1903" of the State of California.

Under authority of said "Street Opening Act of 1903" and the aforesaid City Ordinances of the City of Los Angeles, Mericos Oil Company paid and satisfied said assessments by receipting payment of the award granted and due to it in the condemnation proceedings in the amount of said assessments. Said receipt in satisfaction of the assessments against the property of said Mericos Oil Company was duly signed and delivered to the City of Los Angeles by the Mericos Oil Company on January 12, 1934. Said receipt was in words and figures as follows:

"$3869.60 Paragraph 107 No. 4395

Los Angeles, Cal. *January 12, 1934.*

Received from the City of Los Angeles (Bureau of Assessments) the sum of Three Thousand Eight Hundred Sixty-nine & 60/100 Dollars due me under the Interlocutory Judgment in case of City vs. Kate B. Francisco being No. 256421 in the Superior Court of Los Angeles County, State of California as Offset against Assessments Nos. 998–999 for the opening and widening of Dayton Ave. from Pasadena Ave. to 2nd Street; and I hereby authorize the Clerk of said Court, to enter satisfaction of said Interlocutory Judgment to the extent of the sum aforesaid.

Mericos Oil Co.
Calvin C. Green
*Secretary.*"

### VII.

On June 28, 1934, Mericos Oil Company received the sum of $11,295.40, which sum represented a portion of the award granted it by the court in said condemnation proceeding. Said sum, together with the aforesaid offset for the assessments, as set forth in Paragraph VI above, were in full satisfaction of the award granted the Mericos Oil Company in said condemnation proceeding.

The property condemned and taken from Mericos Oil Company in said condemnation proceedings was acquired by said Mericos Oil Company prior to March 1, 1913, and the fair market value of said property on March 1, 1913, was $1,725.00. The basis for income tax purposes of the property against which severance damages were allowed was greater than the severance damages allowed, to-wit, $1,750.00.

### VIII.

Mericos Oil Company duly filed its income tax return for the year 1934 and in said income tax return computed and reported a profit from the condemnation and taking of its said property in said condemnation proceeding in the amount of $5,255.40.

### IX.

Upon examining the income tax return of Mericos Oil Company for the year 1934 the Commissioner of Internal Revenue determined that Mericos Oil Company received a profit in the amount of $11,690.00 from the condemnation and taking of its property as aforesaid.

Said profit was computed as follows:

| | | |
|---|---:|---:|
| Award for land | $10,851.00 | |
| Award for improvements | 2,564.00 | |
| | | $13,415.00 |
| March 1, 1913 value of land taken | | 1,725.00 |
| Profit | | $11,690.00 |

As a result of said recomputation and increase of gain realized by Mericos Oil Company on the condemnation of its property the Commissioner of Internal Revenue determined and assessed a deficiency against Mericos Oil Company for the year 1934 of income taxes in the amount of $884.76 and excess profits taxes in the amount of $78.76. Said taxes have not been paid.

### X.

During the year 1934 Mericos Oil Company was dissolved and on December 28, 1934, all the assets of said company were distributed to petitioner as the sole stockholder of said company.

### XI.

Petitioner concedes that he is liable as transferee of the Mericos Oil Company, under the provisions of Section 311 of the Revenue Act of 1934, for the taxes herein proposed to be assessed, if any be due, by said Company for the calendar year 1934.

No brief was filed by either party but at the hearing it was stated that the proceeding is governed by the rule of law enunciated and applied by the Circuit Court of Appeals for the Ninth Circuit in *Christian Ganahl Co.* v. *Commissioner*, 91 Fed. (2d) 343, and *Central & Pacific Improvement Corporation* v. *Commissioner*, 92 Fed. (2d) 88. Inasmuch as certiorari had been applied for in *Christian Ganahl Co.* v. *Commissioner, supra*, decision was deferred until it was ascertained whether the Supreme Court should grant or deny the writ. Certiorari was denied November 15, 1937.

The decisions of the court are binding upon us and must be followed in the instant proceeding; but it is necessary for us to discuss the stipulated facts briefly and to point out the reasons why there still is a deficiency in tax, though less than that determined by the respondent.

The total amount received by the petitioner was $15,165. This included severance damages, i. e., damages to the remaining property, in the amount of $1,750. The established rule of the Department had been (see I. T. 2599, X-2 C. B. 170) that "No taxable gain is recognized * * * with respect to that portion of the award which represents the severance damages, but the amount thereof should be deducted from the basis to be used in determining gain or loss upon the subsequent disposition of the remaining portion of the property, unless the amount of the severance damages exceeds the cost or other basis of the remaining portion of the property, in which case such excess is taxable gain." (See tabulation *Christian Ganahl Co.*, 34 B. T. A. 126, 126.) The majority of this Board was of the opinion that the Commissioner had correctly deducted the severance damages from, and added the amount paid as assessments to, the remaining portion of the property; but the court reversed and upheld petitioner's method of computing gain or loss. That method is to include all of the amounts received and to deduct from the total,

the assessments paid plus the basis of the property condemned. The basis for the remaining property remains the same and is neither reduced by the amount of the severance damages nor increased by the amount of the assessments.

Under the facts as stipulated the deficiency shall be recomputed as follows:

| | | |
|---|---:|---:|
| Total amount received | | $15,165.00 |
| Less amount paid as special assessments | $3,869.60 | |
| Less basis—March 1, 1913, value | 1,725.00 | |
| | | 5,594.60 |
| Net amount received | | 9,570.40 |
| Less amount reported as income | | 5,255.40 |
| Amount to be added to the net income shown by the return | | 4,315.00 |

The petitioner having admitted that he is liable for the deficiency as redetermined, judgment will be enterd against him as a transferee, under section 311 of the Revenue Act of 1934.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*