INCOME SYNDICATE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88321. Promulgated May 24, 1938.

*Elmer P. Bromley, Esq.,* and *H. E. Lindersmith, Esq.,* for the petitioner.

*J. E. Marshall, Esq.,* and *B. D. Daniels, Esq.,* for the respondent.

OPINION.

MELLOTT: The Commissioner made several adjustments to the net income shown by petitioner's return for the fiscal year ended September 30, 1934, and determined a deficiency in income tax amounting to $346.88. It is conceded by the petitioner that all, except one, of the adjustments were properly made. The sole issue submitted for our determination is whether or not the Commissioner erred in adding to petitioner's income $2,522.46 as "Profits not reported" in connection with the condemnation of a portion of its property.

The facts were stipulated and, summarized, are as follows:

The petitioner is a California corporation, with its principal place of business at Los Angeles, California. On July 10, 1928, it was the owner of the following described real estate located in the City of Los Angeles, County of Los Angeles, State of California:

Lots 7, 8, 9, 10, 33, 34, 35 and 36, in Block 4, Amended Map of the Subdivision of the Eastern portion of the Jeffries Tract, as per map recorded in Book 29, page 44, Miscellaneous Records of said County, which lots constitute one contiguous area.

The total purchase price of said property was $36,420.58. The property contained 24,515.30 square feet, the cost per square foot being $1.4856.

On or about July 10, 1928, the city of Los Angeles commenced condemnation proceedings by which it sought to, and did, condemn and acquire certain real property for the widening and laying out of Dayton Avenue and Figueroa Street in the city of Los Angeles, including 1,969.10 square feet of the above described property, the

proportionate cost to petitioner of which was $2,925.29. Thereafter, pursuant to judgment in said condemnation proceedings, the city of Los Angeles paid, on June 28, 1934, to petitioner on account of the 1,969.10 square feet condemned the amount of $5,447.75.

The cost of such public improvement was paid by special assessment levied against the real property lying within the bounds of a special assessment district created for such purpose under and pursuant to the statutes of California. The portion of the above described property which was not condemned, and which petitioner thereafter continued to own and possess, was within the special assessment district. There was assessed upon such remaining property the sum of $4,670.58 as the proportionate cost of the improvement. The special assessment of $4,670.58 was not paid by the petitioner in 1934 nor was it used as an offset against the award of $5,447.75. However, pursuant to ordinance of the city of Los Angeles, and an act of the Legislature of California (Deering's General Law, Art. 855), bonds were issued by the city of Los Angeles covering the amount of the assessment levied against petitioner's property, which bonds constituted, and do now constitute, a first lien on such real property. The bonds are for a term of nine years from and after July 2, 1934, and bear interest at 7 percent per annum, the principal being payable in nine equal annual installments.

The respondent determined that the gain realized by petitioner upon receipt of the award in 1934 was the difference between the amount of the award of $5,447.75 and the cost of the 1,969.10 square feet condemned of $2,925.29, or $2,522.46.

The petitioner contends that the special assessment of $4,670.58 should be deducted from the amount of the award in computing taxable gain or loss. The respondent concedes that petitioner's contention is supported by *Wolf* v. *Commissioner*, 77 Fed. (2d) 455; *Christian Ganahl Co.* v. *Commissioner*, 91 Fed. (2d) 343; certiorari denied, 302 U. S. 748; and *Central & Pacific Improvement Corporation* v. *Commissioner*, 92 Fed. (2d) 88. The rule of the above cases, which this Board followed in *Calvin C. Green*, 37 B. T. A. 25; *Jamieson Associates, Inc.*, 37 B. T. A. 92; and *Palladium Amusement Co.*, 37 B. T. A. 149, is that the condemnation of land for public purposes and the levying of special assessments covering the cost thereof are one transaction and the result should be treated as an entirety, i. e., the award should be reduced by the amount of the assessment. If the condemnation and assessment must be regarded as one transaction the fact that the payment of the assessment by the petitioner was postponed is immaterial. Although the petitioner received the full award, the assessment was paid to the city from the proceeds of the bonds issued against its property which was not condemned, the city thus, in effect paying only the differ-

ence between the award and the assessment. The difference between the award and the assessment is less than the cost of the portion of the land condemned. The petitioner therefore realized no gain on the transaction.

We hold that the respondent erred in including the above amount in petitioner's income.

*Decision will be entered under Rule 50.*