LANGLEY COLLYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81239.   Promulgated July 19, 1938.

*John R. McMullen, Esq.*, for the petitioner.
*Rudy P. Hertzog, Esq.*, for the respondent.

OPINION.

Van Fossan: The notice of deficiency treated the interest of $8,743.04 received from the city on the award money as income, made an allowance of $2,015 for legal fees, and treated the difference between the principal of the award and a March 1, 1913, value of $12,000 for the property as income. Petitioner, by this proceeding, assails respondent's refusal to deduct the above mentioned assessments.

The rule now seems well established that where owners are permitted to offset the award to them against the benefits assessed against them, the net amount received, and not the gross award, is the basis for computing gain or loss on the transaction. *Central & Pacific Improvement Corporation* v. *Commissioner*, 92 Fed. (2d) 88, reversing 34 B. T. A. 208; *Christian Ganahl Co.* v. *Commissioner*, 91 Fed. (2d) 343, reversing 34 B. T. A. 126; *Wolf* v. *Commissioner*, 77 Fed. (2d) 455, reversing 29 B. T. A. 702; and *Carrano* v. *Commissioner*, 70 Fed. (2d) 319, reversing B. T. A. memorandum opinion; *Calvin C. Green*, 37 B. T. A. 25; *Jamieson Associates, Inc.*, 37 B. T. A. 92; *Palladium Amusement Co.*, 37 B. T. A. 149.

Respondent concedes that the sum of $5,746 should be deducted from the award under the *Carrano* case, *supra*. He urges, however, that the established rule goes no further than to permit the offset of $5,746 retained by the comptroller of the city of New York.

Petitioner's contention, as above indicated, is that there also should be set off against the gross award, (1) the balance of the benefit assessment on the same Merrick Boulevard project which amounted to $2,397.70 and was paid about 10 days subsequent to the collection

of the award; (2) the special assessment of $9,024.58 on account of the Horstman Avenue sewer; and (3) the special assessment of $5,136.70 on account of the 114th Avenue sewer.

As we understand it, the rationale of *Carrano* v. *Commissioner*, *supra*, seems well expressed in the following quotation:

> * * * Although the assessment was not an added cost until paid it became cost at the moment when it was set off against the award. *Receipt and payment were simultaneous;* it is as false to say that an award was paid before it was expended, as that it was expended before it was paid. * * * [Italics ours.]

However, the above cited decisions of the Ninth Circuit Court of Appeals, and subsequent decisions of this Board in line with those decisions, have somewhat broadened the rule, which is stated in the most recent Board opinion in *Income Syndicate, Inc.*, 37 B. T. A. 926, as follows:

> The rule of the above cases, which this Board followed in *Calvin C. Green*, 37 B. T. A. 25; *Jamieson Associates, Inc.*, 37 B. T. A. 92; and *Palladium Amusement Co.*, 37 B. T. A. 149, is that the condemnation of land for public purposes and the levying of special assessments covering the cost thereof are one transaction and the result should be treated as an entirety, i. e., the award should be reduced by the amount of the assessment. If the condemnation and assessment must be regarded as one transaction the fact that the payment of the assessment by the petitioner was postponed is immaterial.

Petitioner attempts to support his contention, that all the enumerated assessments should be deducted from the award, by the opinion of the Ninth Circuit Court of Appeals in *Central & Pacific Improvement Corporation* v. *Commissioner*, *supra*. In that case there was involved in part an assessment made in a year later than the award, and the court, with no discussion of this additional factor, held that case to be squarely within the rule set down in *Wolf* v. *Commissioner*, *supra*, and followed in *Christian Ganahl Co.* v. *Commissioner*, *supra*. Cf. *Income Syndicate, Inc.*, *supra*, and cases therein cited.

The rule of the *Central & Pacific Improvement Corporation* case and the subsequent cases is sufficiently broad to permit petitioner to offset the balance of the benefit assessment on the Merrick Boulevard project, and this should be done. The assessments for the Horstman Avenue and 114th Avenue sewers, however, are not deductible from the award in computing income therefrom. In the *Central & Pacific Improvement Corporation* case, *supra*, on which petitioner relies, the subsequent assessment was a part of, and definitely related to, the project for which property was taken and the award made; and the assessment was against the remaining property. In the present case the sewer assessments were made for work completed prior to the vesting of title in the city and for entirely different projects. These assessments were sums due and payable irre-

spective of the Merrick Boulevard project and the award paid petitioner thereon. No property was taken in connection with the sewer installations. The relationship is merely coincidental. The mere fact that petitioner was without funds save for the money received from the condemnation award and apparently paid all of the benefit assessments in question out of such funds is not controlling. Nor are the facts that the Horstman Avenue sewer assessment was paid on April 6, 1931, shortly after the receipt of the award money from the city, and was paid in substantial part by the endorsement of the award warrant for $7,536.60, important.

It is our view that this type of benefit assessment subsequently paid by petitioner, being an assessment on a project not related to the condemnation award, may not be deducted from the award money received.

Although the assessment, under the charter of the City of Greater New York, becomes a lien on the property (section 985), it "was not an added cost *until paid.*" *Carrano* v. *Commissioner, supra.* Payment on account of the two projects in question was not simultaneous with the payment of the award. The Horstman Avenue assessment was paid "a few days" after the receipt of the Merrick Boulevard award (March 1931) and the 114th Avenue assessment was not paid until August 1935.

It is recognized that there may seem to be an inequity in the present situation. However, we believe it to be more seeming than real. If, as contended by petitioner and apparently conceded by respondent, the assessments were against the remaining property, not including that taken on condemnation, petitioner's contention must be denied because the sewer projects are not shown to be related to the Merrick Boulevard project and the assessments therefor were not paid until after the award. In so far as the assessments increase petitioner's basis on such remaining property, petitioner will get the advantage thereof on disposition of such remaining property.

The valuation of the property in question on March 1, 1913, was made an issue by the pleadings, but petitioner introduced no proof on this issue and the value determined therefor must stand.

No serious challenge is made by petitioner of the penalties proposed for negligence and late filing and these additional amounts are sustained.

Petitioner suggests that part of the award money was consequential or severance damages to the remaining property, and that the proceeds from the condemnation constituted damages, which as such were not taxable. We can not sustain this contention.

Although petitioner introduced testimony to the effect that the condemnation proceeding was considered a damage proceeding by the court, there is no evidence showing a breakdown of the total

award or proving what portion could be considered severance damage. *Marshall C. Allaben*, 35 B. T. A. 327. It should be also noted that the New York law interchangeably terms the proceeding as one for ascertaining compensation (sec. 1001) and an award for damages (sec. 1004). See also *Calvin C. Green*, 37 B. T. A. 25, which case includes severance damages in determining the total amount awarded. *Jamieson Associates*, *supra*, was a case arising, as does the instant case, under New York law. It was there held that no consequential or severance damages were awarded by the local court.

Respondent admits, and we have found as a fact, that the property in question was held by petitioner on behalf of himself and his brother, each owning one-half. Consequent adjustment should be made therefor in the computation under Rule 50.

Respondent, in his brief, urges that if this Board finds that the property in question was trust property, one-half of which was held by petitioner in trust for his brother, certain other adjustments should be made relative to petitioner's deductions as head of a family and as the support of his "indigent" brother. As related above, respondent, by the pleadings, admitted this status for the property. Respondent has not set up a plea in his answer for alternative relief and, on the state of the record, we are not in a position to make the adjustments requested by him.

*Decision will be entered under Rule 50.*