### LAPHAM v. UNITED STATES.
No. 95, Docket 21465.

United States Court of Appeals
Second Circuit.

Argued Dec. 13, 1949.

Decided Jan. 3, 1950.

Lloyd, Decker, Williams & Knauth, New York City, Francis K. Decker, New York City, of counsel, for plaintiff-appellant.

John F. X. McGohey, United States Attorney for the Southern District of New York, New York City, John B. Creegan, Assistant United States Attorney, New York City, of counsel, for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant, in 1934, inherited from her husband about 420 acres of land in the town of New Canaan, Conn., which was worth $560,340. In 1936, under threat of condemnation by the State of Connecticut, which wanted a part of this land for highway purposes, she deeded 33.6837 acres of it to the State and received in return $198,-000. In the negotiations leading up to this conveyance the price was agreed to as a lump sum payment without any allocation by the parties of any part of it as so-called "severance damages" to the remaining land of the appellant.

In reporting her income for taxation in 1936, the appellant reduced the amount received for the land conveyed by $164,962.02 which she fixed as "severance damages," applicable to decrease the basis of her remaining land. The Commissioner refused to allocate any part of the sale price of the land to "severance damages" and redetermined the appellant's income taxes accordingly. She paid them as thus redetermined and, when her claim for refund was denied, brought this suit to recover the alleged overpayment with interest. Her complaint was dismissed on the merits after a trial by court and this appeal followed.

In Connecticut the measure of compensation receivable upon the condemnation of a parcel of land which is but part of a larger parcel is the difference between the fair market value of the entire tract just before condemnation and the value of the remaining land just after. Martin v. Town of West Hartford, 93 Conn. 86, 105 A. 342; Stock v. Cox, 125 Conn. 405, 6 A. 2d 346. With some hesitation, the Supreme Court of Errors has approved as "not necessarily erroneous" the division of the damages into two elements, one the value of the land taken, and the other depreciation in the value of the remaining land, as, it states, this method "arrives at the same result as would be reached" under the usual method of computation.[1] Here there was no award, although there would have been one had the parties not agreed upon a price for which the appellant would deed the land to the State to avoid condemnation. There was in fact no allocation of any part of the price to "severance damages," although the State Highway Department, without informing the appellant, took into account a fixed sum attributable to such damages in making up the purchase price it was willing to pay. Thus it appears that the appellant received the contract price as payment for the land deeded. That became the amount

---

1. For some of the defects in the division method of computation, see Orgel, Valuation under the Law of Eminent Domain (1936) § 51, p. 159.

she realized on the sale of that land. What factors induced her to agree to that are immaterial for the purpose of computing her income taxes on the gain. Whenever any seller of a part of a parcel of land agrees upon a price there may be, and no doubt often is, consideration given to the effect upon the value of the remaining portion because of the changed situation resulting from the sale and such consideration may be, and no doubt often is, reflected in the price. But calling a part of that price "severance damages" does not alter the fact that the land sold brought the price in part at least because of its location and relationship to the land retained. In other words, what appellant would consider to be "severance damages" to the land retained may just as well be treated as an attribute of the land sold, *i. e.,* what might well be called its "protection value" to the remaining land. It makes no difference whether the sale is induced in part at least by the threat of condemnation proceedings or the transaction is an arm's length one between private parties. The fact remains that a sale of property is made at a price the parties agree upon as the amount which one, all things considered, is willing to pay and which, all things considered, the other is willing to accept, for the property actually transferred. In short, there was here a purchase and sale of a designated parcel of land at a designated price and that price when received was for income tax purposes the amount realized for the property sold. It has heretofore been held after the value of the property sold has thus been established, it is too late for the seller to reduce it for tax purposes by dividing it into parts labeled value and damages respectively. See Marshall C. Alaben v. Commissioner of Internal Revenue, 35 B.T.A. 327. But this is so, not because it would be more difficult to make an allocation in terms of dollars and cents after the sale than before, but because what the seller actually received is what he has realized on the disposal of it by sale.

Judgment affirmed.