OPINION. Harron, Judge: The only issue for decision is whether all or only a part of the long-term capital gain realized by the petitioner upon the involuntary conversion in 1946 of his farm, on which he had his residence, is to be recognized in computing petitioner’s income tax for the year 1946. The issue arises under section 112 (f) of the Code as it existed prior to amendment by the Revenue Act of 1951. The applicable section of the Code is printed in the margin.[1] The parties are in agreement that the amount of the gain realized on the sale was $51,806.84; that the sale was an involuntary conversion of property made under the threat of condemnation proceedings; and that $18,017.70 out of the proceeds of the sale was forthwith and in good faith expended by the petitioner in the acquisition of a residence in California. The petitioner concedes that the amount of the long-term capital gain as reported in his income tax return, i. e., $33,789.14, is incorrect. He contends, however, that in computing the amount of the taxable gain on the sale, the proceeds of the sale and the cost basis of the property should be apportioned between “the north end,” i. e., the 8 acres on which he had his residence, and “the south 42 acres” which were devoted exclusively to farming. The petitioner, in effect, seeks to treat the sale of his property as the sale of two distinct parcels, one residential property, and the other farm land. He seeks to apportion the proceeds of the sale as follows: $23,350 to residential property, and $53,200 to farm land. The petitioner argues that he realized a gain of $38,663.30 on what he calls “farm land,” and a gain of $13,143.54 on what he terms “residential property.” The petitioner concedes that the alleged, apportioned gain of $38,663.30 which he would allocate to “farm land” should be recognized in full. But he argues that under section 112 (f) of the Code, the alleged, apportioned gain of $13,143.54 which he would allocate to “residential property” should be recognized only to the extent of $5,332.30, which is the difference between the proceeds of sale which he would allocate to “residential property,” $23,350, and the proceeds of sale expended in acquiring a residence in California, $18,017.70. It is not necessary for us to narrate the details of the petitioner’s theory of apportionment because the theory is not supported by the evidence. The respondent contends that the gain realized must be recognized in full since the amount of the proceeds of sale “not expended in acquiring other property similar or related in service or use,” i. e., $58,532.30, exceeded the amount of gain realized on the sale, i. e., $51,806.84; and that the petitioner sold only one tract of land and not two distinct parcels for which he received a lump-sum payment of $75,000, so that there'is no basis in the record for an apportionment of the proceeds of sale. We agree with the respondent. The petitioner cites no authority for his novel proposition and we have found none which would lend support to it. In support of his proposition that the proceeds of the sale should be apportioned so as to secure some benefit from the provisions of section 112 (f), the petitioner argues that from 1943 to 1945, inclusive, a part of the property was used by him for residential purposes while the remainder was leased for farming purposes. Petitioner’s allocation of the sales proceeds is based upon opinion testimony that, at the time of the sale, the 8 acres comprising “the north end” of the tract had a value of $23,350. He subtracts that amount from $76,550 and allocates the balance, $53,200, to the “farm land.” The petitioner’s theory ignores the actual facts of the transaction. The petitioner owned a single tract of land which was used for farming purposes, on which he had erected his residence and the usual farm improvements. He negotiated to sell and in fact sold one tract of land. The transaction was a purchase by the State of Oklahoma of one tract of land for $75,000 in a lump sum. Neither the agreement of sale nor the deed of conveyance contains any apportionment of the consideration between portions of the single tract of realty, and no reference to farm land as distinguished from residential property is made. We have previously held that a lump sum purchase price is not to be rationalized after the event of sale as representing a combination of factors which might have been separately stated in the contract if the parties had been fit to do so. Marshall C. Allaben, 35 B. T. A. 327, 328. See, also, Lapham v. United States, 178 F. 2d 994. In the Allaben and Lapham cases, supra, each taxpayer, under the threat of condemnation proceedings, sold a part of a parcel of land which he owned to the State of Connecticut for an agreed upon price. The sales agreements did not apportion the proceeds between land value and consequential or severance damages. It was held in each case that the taxpayer could not, after the event of sale, apportion the proceeds for tax purposes between land value and damages. We are of the opinion that the rationale of the Allaben and Lapham cases, supra, is applicable to this proceeding. The respondent’s determination is sustained. Decision will be entered for the respondent. SEC. 112. RECOGNITION OB GAIN OR LOSS. (f) Involuntary Conversions. — If property (as a result of Its destruction In -whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation, or the threat of imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, or into money which is forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, expended in the acquisition of other property similar or related in service or use to the property so converted, or in the acquisition of control of a corporation owning such other property, or in the establishment of a replacement fund, no gain shall be recognized, but loss shall be recognized. If any part of the money is not so expended, the gain, if any, shall be recognized to the extent of the money which is not so expended (regardless of whether such money is received in one or more taxable years and regardless of whether or not the money which is not so expended constitutes gain).