**William B. GREENE and Jane S. Greene,**
**Plaintiffs,**

v.

**UNITED STATES of America and H.**
**Alan Long, Director of Internal Revenue, Chicago, Illinois, Defendants.**

No. 58 C 1818.

United States District Court
N. D. Illinois, E. D.

May 1, 1959.

869

Reid, Ochsenschlager, Murphy & Hupp, Aurora, Ill., for plaintiff.

R. Tieken, U. S. Atty., Chicago, Ill., for defendants.

SULLIVAN, District Judge.

In 1953, plaintiffs (husband and wife) sold to the Commonwealth Edison Company certain land which that company was threatening to condemn. The transaction was consummated by a contract of sale which provided that the sales price was $1,020 per acre, and the total consideration was based on this figure. In reporting their taxable gain on their joint income tax return for that year taxpayers reported as gain an amount figured at $500 an acre for the land sold and attributed the remaining amount to damages to the remaining adjoining properties still held by them. The Commissioner took the position that the entire consideration as expressed in the contract (or $1,020 per acre) was received for the land sold and accordingly a capital gain. Taxpayers paid the resulting deficiency and now seek to recover it.

It is the position of the taxpayers that the contract price did not reflect the true agreement between the parties. They allege that in negotiations preliminary to the sale they agreed with the Edison Company that the price of the land was

$500 an acre and that the remaining amount was damages to the adjoining property. They say that the contract used to figure was $1,020 per acre and made no reference to damages "solely for the interest and convenience of the Commonwealth Edison Company in its future acquisition of other properties in the area". They argued that for tax purposes these preliminary negotiations must control over the written contract because this was the real intent of the parties.

The Government on the other hand takes the position that the contract cannot be reexamined and that it governs for tax purposes. The Government has on this ground made a motion to dismiss the complaint for the reason that it fails to state a claim upon which relief can be granted.

It is taxpayers' basic premise that for tax purposes the substance of a transaction rather than its form controls, and that the court is at liberty to go behind a written contract to determine what the real situation was. It is true that courts have on occasion examined a contract and its surrounding circumstances for this purpose. However, in these cases the purpose of the examination is to clarify the written instrument and show its real purpose or effect.[1] To examine a contract for the purpose of flatly contradicting it, as is here proposed, would be quite another matter.

"Questions of taxation must be determined by viewing *what was actually done*, rather than the declared purposes of the participants".[2] In this case, what was actually done was that the land was sold for an expressed consideration of $1,020 per acre. The great weight of authority holds that in this situation the taxpayers cannot later contradict the written contract.[3] The reasoning in the

1. United States v. South Georgia Railway Co., 5 Cir., 1939, 107 F.2d 3; Lemon v. United States, D.C.W.D.Va.1953, 115 F. Supp. 573; Rowan v. United States, 5 Cir., 1955, 219 F.2d 51; and see Sarkes Tarzian, Inc. v. United States, 7 Cir., 1957, 240 F.2d 467.

2. Weiss v. Stearn, 1924, 265 U.S. 242, 254, 44 S.Ct. 490, 492, 68 L.Ed. 1001.

3. Hamlin's Trust v. Commissioner, 10 Cir., 1954, 209 F.2d 761.

early case of Henrietta Mills, Inc. v. Commissioner, 4 Cir., 1931, 52 F.2d 931, 934, is representative:

"We cannot agree with petitioner's contention. The courts will not disregard the plain language of a contract or interpolate something not contained in it. Here the language used by the parties is clear and unambiguous, and cannot be ignored however plausible the reasons advanced. The courts will not write contracts for the parties to them nor construe them other than in accordance with the plain and literal meaning of the language used."

Of the cases involving real estate contracts, the philosophy of the courts is expressed in O. N. Bymaster, 1953, 20 T.C. 649, 653: "A lump sum purchase price is not to be rationalized after the event of sale as representing a combination of factors which might have been separately stated in the contract if the parties had seen fit to do so". That decision followed an earlier and very emphatic ruling to the same effect by the Second Circuit.[4] That Court, in fact, would apparently refuse to recognize "severance damages" except under court decrees:

"*  *  * Thus it appears that the appellant received the contract price as payment for the land deeded. That became the amount she realized on the sale of that land. What factors induced her to agree to that are immaterial for the purpose of computing her income taxes on the gain. Whenever any seller of a part of a parcel of land agrees upon a price there may be, and no doubt often is, consideration given to the effect upon the value of the remaining portion because of the changed situation resulting from the sale and such consideration may be, and no doubt often is, reflected in the price. But calling a part of that price 'severance damages' does not alter the fact that the land sold brought the price in part at least because of its location and relationship to the land retained. In other words, what appellant would consider to be 'severance damages' to the land retained may just as well be treated as an attribute of the land sold, i.e., what might well be called its 'protection value' to the remaining land. It makes no difference whether the sale is induced in part at least by the threat of condemnation proceedings or the transaction is an arm's length one between private parties. The fact remains that a sale of property is made at a price the parties agree upon as the amount which one, all things considered, is willing to pay and which, all things considered, the other is willing to accept, for the property actually transferred. In short, there was here a purchase and sale of a designated parcel of land at a designated price and that price when received was for income tax purposes the amount realized for the property sold".

Nor are these cases to be discounted because there was evidently no offer of definite testimony as to preliminary negotiations. They stand for the proposition that the clear written agreement of the parties, whatever their previous conversations or motives, is (in the absence of fraud) conclusive.[5] In the present instance, there is no indication that the contract was not understandingly and honestly made, and there is no reason why it should not govern the tax consequences.

For the foregoing reasons the motion of defendants that the complaint be dismissed will be allowed.

4. Lapham v. United States, 2 Cir., 1950, 178 F.2d 994, 995.

5. Allaben v. Commissioner, 1937, 35 B.T.A. 327.