Alvin S. Norby and Rose M. Norby v. Commissioner.
Norby v. Commissioner
Docket No. 80511.
United States Tax Court
T.C. Memo 1961-219; 1961 Tax Ct. Memo LEXIS 131; 20 T.C.M. (CCH) 1077; T.C.M. (RIA) 61219; July 31, 1961
*131 Alvin S. Norby, pro se, Box 143, Ellendale, Minn. William Theodoros, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1954 in the amount of $1,321.40. The issues for decision are as follows: (1) Whether the proceeds from the condemnation of part of petitioners' land are includible in income; and (2) Whether interest on the condemnation award is includible in petitioners' income. Findings of Fact Petitioners, Alvin S. Norby (hereinafter sometimes referred to as Norby) and Rose M. Norby are husband and wife residing in Ellendale, Minnesota. Petitioners kept their books and filed their income tax returns for the calendar year 1954 on the cash receipts and disbursements method of accounting. Their joint return for the taxable year 1954 was filed with the district director of internal revenue for the district of Minnesota. Petitioners owned a farm in Steele County, Minnesota, which contained approximately 120 acres. Sometime prior to May 1, 1954, the State of Minnesota, through its power of eminent domain, instituted proceedings to condemn 6.7 acres *132 (hereinafter referred to as the condemned land) of petitioners' land to be used for highway purposes. On May 1, 1954, petitioners were awarded $13,500 for the taking of this land by commissioners who were duly appointed by the Steele County District Court, 5th Judicial District of the State of Minnesota. On May 27, 1954, the State of Minnesota appealed from the commissioners' award to the Steele County District Court seeking to have the award decreased to $8,000. On May 29, 1954, petitioners appealed from the commissioners' award to the Steele County District Court seeking to have the award increased to $20,000. The appeals were tried before the court and a jury on September 16, 1954. The jury awarded petitioners a lump sum of $11,962 for the taking of the condemned land. The award made no allocation between the land taken and any severance damages that may have resulted to the land remaining. On September 22, 1954, a "Stipulation in Lieu of Judgment on the Appeal as to Parcel No. 20, S.P. 7403-11 (30-82) 902," (hereinafter referred to as the stipulation in lieu of judgment) was executed by petitioners' attorney, James K. Rietz, for and on their behalf and Bert McMullen, for and *133 on behalf of the State of Minnesota Attorney General. The stipulation in lieu of judgment effectually disposed of the appeals. In November 1954, the State of Minnesota paid the petitioners the sum of $12,208.91. Included in the amount paid by the state was $283.15, representing interest on the award. In their Federal income tax return for 1954, petitioners did not include the amount of the award made by the State of Minnesota in their gross income, but made the following notation in the return: Received from the State of Minn. $12,206.91 for Road Rights under Condemnation Proceedings as damages. Not included in this return. Opinion It is petitioners' contention that the entire amount of the award from the State of Minnesota is excludable from their income because it constituted damages. It is respondent's contention that the condemnation of petitioners' land resulted in a gain of $10,916.11, which is taxable as long-term capital gain. It is respondent's position that the gain is taxable since no part of the award from the State of Minnesota was allocated to severance damage. Respondent also contends that $283.15, representing interest on the award should be included in income *134 as ordinary income. We agree with the respondent. Severance damage is that damage to remaining property which is caused by condemnation. No taxable gain is recognized with respect to that portion of an award which represents severance damage; however, the amount thereof is deducted from the basis of the remaining property. See Pioneer Real Estate Co., 47 B.T.A. 886 (1942). Unless it is shown that an ascertainable portion of an award is properly allocable to the remaining property as severance damages, the full amount of the award is considered as having been given in consideration of that part of the property condemned. See Marshall C. Allaben, 35 B.T.A. 327 (1937); Lapham v. United States, 178 F. 2d 994 (C.A. 2, 1950); O. N. Bymaster, 20 T.C. 649 (1953); cf. Langley Collyer, 38 B.T.A. 106 (1938). In the case before us, the evidence shows only that a lump sum award was made to petitioners. It has heretofore been held that after the value of the property sold has been established, it is too late for the seller to reduce it for tax purposes by dividing it into parts labeled value and damages, respectively. See Marshall C. Allaben, supra. *135 But this is so, not because it would be more difficult to make an allocation in terms of dollars and cents after the sale than before, but because what the seller actually received is what he has realized on the disposal of it by sale. Lapham v. Commissioner, supra. Since there was no amount allocated to severance damage, the respondent's determination that petitioners had a capital gain of $10,916.11 is sustained. Insofar as respondent's determination concerning the $283.15, representing interest on the award, it likewise must be sustained. It is well established that the part of a condemnation award designated as interest is compensation for the period during which the taxpayer neither had the property nor the money and is ordinary income. See Kieselbach v. Commissioner, 317 U.S. 399 (1943). Decision will be entered for the respondent.